I respectfully dissent because the charge of escape against Snell is a new offense committed after July 1, 1996, the effective date of Am.Sub.S.B. No. 2 and Am.Sub.S.B. No. 269. Escape in violation of R.C. 2921.34(A) carries a different sentence than the conviction for the offense for which Snell was paroled. Therefore any prison term imposed for Snell's conviction for his 1998 escape, as specifically provided in R.C. 2967.021(B), is subject to the later amendments to R.C. 2967.15(C)(2), effective March 17, 1998. Coupled with the amended definition of "detention" in R.C.2921.01(E) in H.B. No. 154, effective October 4, 1996, Snell, as a parolee, can be prosecuted and convicted for escape for the same reasons stated in my dissent in State v. Jeffers.[2]
 Please Note:
The court has placed of record its own entry in this case on the date of the release of this Decision.
[2] (Sept. 11, 1998), Hamilton App. No. C-980150, unreported, discretionary appeal allowed (Feb. 3, 1999), 84 Ohio St.3d 1487,705 N.E.2d 367.